IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KONG PHENG VUE,

                                              OPINION AND ORDER

            Plaintiff,

                                               13-cv-243-bbc

      v.

ECHO BRIDGE,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action, plaintiff Kong Pheng Vue, who is acting pro se, alleges that employees of defendant Echo Bridge threatened him physically and then fired him. Dkt. #7. Plaintiff has paid his initial partial filing fee and the complaint is ready for screening. In addressing any pro se litigant's complaint, the court must construe the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, the case must be dismissed promptly pursuant to 28 U.S.C. §1915(e)(2). After reviewing the complaint, I conclude that it must dismissed without prejudice under Fed. R. Civ. P. 8 for plaintiff's failure to allege sufficient facts showing that he is entitled to relief.

      The factual allegations in the complaint are sparse. Plaintiff alleges that on April 1, 2013, Sheryl Bron hired him to work at Echo Bridge. The next day, Billy, one of the

1

supervisors at Echo Bridge, threatened plaintiff physically. Plaintiff was doing his job and Billy "[came] over and [said] beat down." Another employee jumped into their conversation and offered to "beat [plaintiff] down for a raise." Then, the second supervisor said "We don't need you." Plaintiff quickly ran out of Echo Bridge. The next day, he called Sheryl Bron to tell her what had happened. She ignored his explanation and terminated him for leaving work early. In his request for relief, plaintiff says he wants to "commence a money judgment for wages lost and/or losing a perfect job due to differences in race, color, religion."

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief," which means that the complaint must include enough allegations of fact to make a claim for relief "plausible" on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citation omitted). To state a "plausible" claim, the complaint must include enough detail about what each defendant did to show a real possibility (and not just a guess) that plaintiff might be able to prove each element of his claims after he has an opportunity to fully investigate them. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff need not plead "specific facts," but he must provide enough detail to "present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). In determining whether the details in the complaint satisfy this standard, a district court should consider only factual allegations and disregard "mere conclusory statements." Iqbal, 556 U.S. at 678. A complaint consisting of nothing more than "naked assertions devoid of further factual enhancement" must be dismissed for failing to meet the requirements of Rule 8. Id.

supervisors at Echo Bridge, threatened plaintiff physically. Plaintiff was doing his job and Billy "[came] over and [said] beat down." Another employee jumped into their conversation and offered to "beat [plaintiff] down for a raise." Then, the second supervisor said "We don't need you." Plaintiff quickly ran out of Echo Bridge. The next day, he called Sheryl Bron to tell her what had happened. She ignored his explanation and terminated him for leaving work early. In his request for relief, plaintiff says he wants to "commence a money judgment for wages lost and/or losing a perfect job due to differences in race, color, religion."

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief," which means that the complaint must include enough allegations of fact to make a claim for relief "plausible" on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citation omitted). To state a "plausible" claim, the complaint must include enough detail about what each defendant did to show a real possibility (and not just a guess) that plaintiff might be able to prove each element of his claims after he has an opportunity to fully investigate them. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff need not plead "specific facts," but he must provide enough detail to "present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). In determining whether the details in the complaint satisfy this standard, a district court should consider only factual allegations and disregard "mere conclusory statements." Iqbal, 556 U.S. at 678. A complaint consisting of nothing more than "naked assertions devoid of further factual enhancement" must be dismissed for failing to meet the requirements of Rule 8. Id.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination because of "race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). In plaintiff's request for relief, he asks for damages because he lost the job "due to differences in race, color, religion." However, this vague and conclusory statement is wholly disconnected from the other facts and insufficient to "present a story that holds together." <u>Swanson</u>, 614 F.3d at 404. Plaintiff does not allege that Billy, the new employee, the second supervisor or Bron were motivated by racial or religious hostility. Nothing in the complaint so much as hints at their motivation for harassing plaintiff. Race, color and religion are never mentioned in the facts section of the complaint. Moreover, it is not clear whether plaintiff wants to bring a claim that he was discriminated against on the basis of his race, his color or his religion or all three characteristics.

Because plaintiff's allegations are insufficient to state a plausible claim for relief under Fed. R. Civ. P. 8, the complaint must be dismissed without prejudice. Plaintiff is free to file an amended complaint that fixes this problem. His amended complaint should contain short and plain statements of fact made in numbered paragraphs. These factual statements should explain what happened to plaintiff to make him believe his rights were violated, when it happened and who did it. In other words, plaintiff should write his complaint as if he is telling a story to someone who knows nothing about his situation. He should take care to identify the actions taken by each individual that he believes violated his rights and explain whether he believes their actions were motivated by racial or religious discrimination.

ORDER

IT IS ORDERED that Plaintiff Kong Pheng Vue's request for leave to proceed in forma pauperis in this action is DENIED and his complaint is DISMISSED WITHOUT PREJUDICE for violation of Fed. R. Civ. P. 8. Plaintiff may have until May 16, 2013, to submit a proposed amended complaint. If plaintiff fails to respond by that date, then the clerk of court is directed to close this case for plaintiff's failure to prosecute it. If plaintiff submits a revised complaint by that date, I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2).

Entered this 29th day of April, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge