IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KONG VUE,

                                                                           OPINION AND ORDER

                Plaintiff,

                                                                            13-cv-243-bbc

      v.

ECHO BRIDGE HOME ENTERTAINMENT,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Kong Vue has filed a second amended complaint as requested by the court. I dismissed the first two complaints because plaintiff did not provide adequate notice of his claim, as required by Fed. R. Civ. P. 8. After I concluded that the first amended complaint was inadequate, I gave plaintiff one more chance to file a pleading that complied with the federal rules. Because plaintiff's third attempt again violates Rule 8, I am dismissing the case and directing the clerk of court to close the case.

       In his first complaint, plaintiff alleged that he had been harassed and threatened and then fired after he left work early because of the harassment. He stated that he had been fired "due to differences in race, color, religion." Although I understood plaintiff to be attempting to a raise a claim under Title VII of the Civil Rights Act of 1964, I concluded that his allegations were too vague and conclusory to "present a story that holds together," which is what he must do to state a claim upon which relief may be granted. Swanson v.

Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). I dismissed the complaint, but I gave plaintiff an opportunity to file another one and I told him what kind of information he should include:

> His amended complaint should contain short and plain statements of fact made in numbered paragraphs. These factual statements should explain what happened to plaintiff to make him believe his rights were violated, when it happened and who did it. In other words, plaintiff should write his complaint as if he is telling a story to someone who knows nothing about his situation. He should take care to identify the actions taken by each individual that he believes violated his rights and explain whether he believes their actions were motivated by racial or religious discrimination.

Dkt. #4 at 3.

Plaintiff did not comply with any of these instructions. His second complaint included three sentences, in which he stated that he wanted to file a complaint under the Civil Rights Act of 1964 over discrimination in employment because he was threatened and terminated at Echo Bridge on April 1, 2013.

In his third complaint, plaintiff alleges that he started working for defendant on April 1, 2013; the work environment was "intimidating, hostile and abusive"; on April 2, he was fired after he reported the harassment; and on April 3, he prepared the complaint that he filed in this court. In addition, he says that he was terminated "because of his race, color and religion." Dkt. #16.

An initial problem with plaintiff's most recent complaint is that it shows that he did not exhaust his administrative remedies before he filed this lawsuit, as he is required to do. 42 U.S.C. § 2000e-5(e)(1); Teal v. Potter, 559 F.3d 687, 691-92 (7th Cir. 2009) ("Exhaustion is not a jurisdictional issue, but a condition precedent to bringing a claim under

the Act and plaintiffs who have not exhausted their administrative remedies have prematurely brought their claims into the courts."). Plaintiff says that he was fired on April 2 and that he prepared his complaint for this court on April 3. Although plaintiff does not admit expressly that he did not exhaust his administrative remedies, it would have been impossible for him to have filed a charge with the EEOC and received a decision from the agency in one day.

Regardless whether plaintiff exhausted his administrative remedies, his new complaint does not state a claim upon which relief may be granted. Although he repeats his belief that defendant discriminated against him, he still provides no basis for that belief. In other words, he does not present a story that holds together. Without additional facts about the harassment he allegedly received or the reasons he believes that his race, color and religion were a factor in his adverse treatment, I cannot allow him to proceed on a claim for harassment or discrimination.

One difference between the original complaint and the second amended complaint is that plaintiff alleges more clearly that defendant fired him when he complained about the harassment. This suggests that plaintiff may wish to bring a claim for retaliation, though plaintiff does not use that term. However, even if I read a retaliation claim into the complaint, plaintiff could not proceed on the claim because Title VII does not protect an employee's complaints about harassment unless the employee has "a sincere and reasonable belief that [he] was opposing an unlawful practice." Magyar v. Saint Joseph Regional Medical Center, 544 F.3d 766, 771 (7th Cir. 2008). In other words, he must show that it

3

was reasonable for him to believe that he was being harassed because of his race, color or religion. Again, because plaintiff includes no facts in his complaint supporting such a belief, he has not stated a claim upon which relief may be granted with respect to a retaliation theory.

Plaintiff has had three chances to file a complaint that complies with federal pleading standards, but he has failed each time to include necessary facts, even after the court provided specific guidance. If plaintiff were making progress in each attempt, it might be appropriate to give him one more chance to get it right. However, because plaintiff's third complaint is no closer to the mark than his first, it would serve no legitimate purpose to encourage plaintiff to continue making additional attempts. Under these circumstances, I am dismissing the complaint and directing the clerk of court to close the case. United States ex rel. Fowler v. Caremark RX, L.L.C., 496 F.3d 730, 740 (7th Cir. 2007) ("[A] district court properly exercises its discretion in dismissing the case when the plaintiff continually fails to provide a valid pleading in compliance with the federal rules.")


ORDER

IT IS ORDERED that plaintiff Kong Vue's second amended complaint, dkt. #16, is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment in favor of defendant Echo Bridge Home

Entertainment and close this case.

      Entered this 11th day of September, 2013.

                              BY THE COURT:

                              /s/

                              BARBARA B. CRABB
                              District Judge